IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3118-BO

| | | |
|---|---|---|
| ISAAC LEE WOODS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| COUNTY OF WILSON, et al., | ) | |
| Defendants. | ) | |

Isaac Lee Woods ("plaintiff") filed this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The matter was transferred from the United States District Court for the Middle District of North Carolina (D.E. # 4). Plaintiff has named at least 75 defendants, many of whom are not specifically identified, and he has made voluminous filings. Now before the court are 14 pending motions filed by Isaac Lee Woods. Multiple defendants also have filed motions to dismiss, and alternatively for summary judgment. The matters are ripe for determination.

A. Isaac Lee Woods' Motions

    i.    Motion in Limine (D.E. # 34)

Woods filed a motion in limine which requested the court to enter an order that: A) "No presumption shall be made that mail sent to plaintiff was delivered to plaintiff," and B) that plaintiff will oppose any enlargement of time requested by defendants.

The court finds that this is not the proper use of a motion in limine. Furthermore, plaintiff does not argue that he has not received mail, but not received it in a "timely" manner while at F.C. I-Morgantown. As an example of timeliness, he asserts that on 11-19-11, he received a letter from

the law firm, Poyner and Spruill, LLP, post-marked 1-12-11. Second, plaintiff is currently housed at FCI - Butner, not at FCI - Morgantown. There is no indication that plaintiff is not satisfied with the timeliness in which he receives mail while at Butner. Furthermore, he has filed numerous motions, responses, replies, letters, and the like, without an indications of failure to receive or send mail. Third, plaintiff sought a blanket motion in opposition to motions for extensions of time prior to any extensions being requested. All extensions have been appropriate. The motion is DENIED (D.E. # 34).

  ii.  Motion for Preliminary Injunction (D.E. # 35)

As for plaintiffs' motion for a temporary restraining order and preliminary injunction (D.E. # 35), the substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The irreparable harm must be likely, not a mere possibility. Id. at 375.

Woods has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, plaintiff has failed to meet his burden of proof. Accordingly, the court DENIES Woods' motion for a temporary restraining order and/or preliminary injunction (D.E. # 35).

  iii.  Motion to Add Additional Defendants and Motion for Service (D.E. # 36) and
     Motion to Withdraw Motion to Add Additional Defendants and Motion for Service

(D.E. # 95)

The motion to withdraw (D.E. # 95) the prior motion (D.E. # 36) is ALLOWED.

    iv.    Motion for Entry of Default (D.E. # 62)

Plaintiff's motion for default judgment is denied. Federal Rule of Civil Procedure 55 provides that an entry of default shall be made when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" as provided by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). Entry of default pursuant to Federal Rule of Civil Procedure 55 is not proper in this case.

First, Rule 12 makes clear that a pre-answer motion to dismiss is an appropriate defense for purposes of Rule 55 and that no answer is due until the district court resolves the motion, unless the district court postpones the disposition of the motion until the trial on the merits. See Fed.R.Civ.P. 12(a)(1), (a)(4)(A); see also Brooks v. Sauceda, No. 00-3025, 2000 WL 1730892, at *2, 242 F.3d 387 (10th Cir. Nov.22, 2000) (non-binding unpublished disposition cited for its persuasive value pursuant to 10th Cir.R. 36.3) (rejecting a similar argument and noting that default judgment was not appropriate in a case with a procedural posture similar to that present in this case). Second, the United States, a United States agency, or a United States officer or employee 60 days after service on the United States Attorney, Rule 12(a)(2) and (3), and other parties have 21 days, Rule 12(a)(1)(B). Third, a default motion must be accompanied by an affidavit, this motion is not. Local Rule 7.1(d). Fourth, for good cause a court may set aside an entry of default. Here, due to the voluminous, confused, and numerosity of defendants, good cause is shown if any delinquency by the parties occurred in filing their initial answer or subsequent motion. Plaintiff's motion for default judgment is DENIED (D.E. # 62).

3

v.  Motion to Strike (D.E. # 63)

Woods seeks a motion to strike the noticce of appearance by Assistant United States Attorney, Ed Gray (D.E. # 57) and motion for an extension of time (D.E. # 58). Due to the voluminous nature of Woods' pleadings and named defendants the government clearly needed additional time to sort and identify defendants and claims. The motion for an extension of time was properly allowed, and Woods' motion to strike is DENIED (D.E. # 63).

vi.  Motion to Substitute Defendant's Name and Order U.S. Marshal Service to Perform Personal Service (D.E. # 64)

As for the issue of the summons, an incarcerated pro se plaintiff, proceeding in forma pauperis is entitled to rely on the Marshal for service of summons and complaint. Puett v. Blanford, 912 F.2d 270, 275 (9th Cir. 1990). Therefore, the Marshal has attempted to serve the summons and complaint on the party defendants. The motion is DENIED as MOOT (D.E. # 64).

vii.  Motion to Vacate or Nullify Order on Motion for Extension of Time to Answer (D.E. # 65)

Woods seeks for the court to vacate or nullify the clerk's order of February 28, 2011, based on his motion in limine. The motion in limine was denied above. Further, for good cause the clerk entered the order allowing the extension of time. The motion is DENIED (D.E. # 65).

viii.  Motion for Reconsideration of Order on Motion for Extension of Time to Answer (D.E. # 76)

This motion for an extension of time was proper and this motion is DENIED for the reasons set out in section i and vii. (D.E. # 76)

ix.  Motion for Limited Discovery to Effect Service (D.E. # 77)

This is a motion seeking discovery. The motion fails to comply with Local Rule 7.1(c) of

4

the Local Rules of Practice and Procedure, which states that "[c]ounsel must . . . certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Woods' motion also fails to comply with Local Civil Rule 7.1(d), E.D.N.C., which requires that his motion be accompanied by a supporting memorandum. Further, it is likely defendants will serve him with the relevant prison and medical records when they serve their dispositive motions. Woods' motion for discovery is DENIED (D.E. # 77).

    x.    Motion for an Extension of Time (D.E. # 79)

Woods seeks an extension of time to respond to Cheryl Van Horn's motion to dismiss (D.E. # 66 - 68) filed March 23, 2011. The motion for an extension of time shall be ALLOWED to include May 23, 2011, therefore, his response (D.E. # 94) of May 23, 2011, to the motion to dismiss shall be deemed timely filed.

    xi.    Motion for an Extension of Time to File a Response (D.E. # 97)

Woods seeks an extension of time to respond to the motion to dismiss at D.E. # 84. Woods filed his response and the motion shall be allowed and the response (D.E. # 99) deemed timely filed.

    xii.    Motion to Compel (D.E. # 121)

The motion to compel is denied. The court, in an attempt to facilitate movement in this voluminous and confused suit sought information to enable service of summons and complaint on some of the 75 plus named defendants. The information was allowed to be filed under seal if necessary. The information was filed under seal pursuant to court instruction and the motion is DENIED (D.E. # 121).

    xiii.    Motion for leave to Amend (D.E. # 122)

The motion to amend is denied. The amended complaint is voluminous, just as his initial complaint. The court cannot identify the specific claims plaintiff is attempting to make against each

5

defendant, added defendants, and the like. As such, Woods' complaint violates Rule 8 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."); Chao v. Rivendell Woods, Inc., 415 F.3d 342, 347 (4th Cir. 2005). Simply put, the complaint fails to "give [each] defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (quotation omitted). Furthermore, Rule 20(a)(2) of the Federal Rules of Civil Procedure, which states:

> Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 20(a)(2) does not provide a license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. See, e.g., George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997); Robinson v. Johnson, No. 3:07CV449, 2009 WL 874530, at *1 (E.D. Va. Mar. 26, 2009) (unpublished); Showalter v. Johnson, No. 7:08cv00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009) (unpublished). At this juncture, the original complaint, claims, number of defendants, is difficult if not impossible to manage. The court finds the amended complaint to be in violation of Rule 8 and fails to comply with Rule 20. Thus the motion to amend is DENIED (D. E. # 122).

B.      Motions to Dismiss by Multiple Defendants and Motions for Summary Judgment

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md.

Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50.

Likewise, summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted & emphasis removed). A trial court reviewing a summary judgment motion should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. See Matsushita, 475 U.S. at 587.

    i.    Motion to Dismiss by Medical Director of Western Regional Jail, Jeffery L. Newton, Western Tidewater Regional Jail, and Nurse "A" of Western Tidewater Regional Jail (D.E. # 42, # 43 and 124)

Western Tidewater Regional Jail, Medical Director of Western Tidewater Regional Jail, and Jeffrey Newton move to dismiss pursuant to Rule 12(b)(2) and (6) of the Federal Rules of Civil Procedure. Nurse "A" joins in the same motion (D.E. # 124).

Woods alleges that Western Tidewater Regional Jail failed to provide medical treatment in violation of his rights under the Eighth Amendment to the United States Constitution during his stay at Western Tidewater Regional Jail in Suffolk, Virginia, for the time period of June 27, 2007, through July 9, 2007. There is no federal statute of limitations for actions under 42 U.S.C. § 1983 or Bivens. The state statute of limitations which governs personal injury applies. Wilson v. Garcia, 471 U.S. 261, 280 (1985). Virginia has a two-year statute of limitations for personal injury which is applicable. § 8.01-243(a), Code of Virginia of 1950, as amended; Shelton v. Angelone, 148 F. Supp.2d 670, 677 (W.D. Va. 2001), aff'd, 49 Fed. App'x 451 (4th Cir. 2002). (unpublished). This action was filed in the Middle District of North Carolina on June 21, 2010, almost one year out of time. Accordingly, this action is barred by the applicable Virginia statute of limitations. The motion to dismiss is ALLOWED (D.E. # 42, 43 and 127)

  ii. Motion to Dismiss for Failure to Exhaust by Wake County, Frank O. Gunter, Donnie Harrison, Wake County Manager (D.E. # 46 and 47)

In support of defendants' Motion to Dismiss as to Defendants Wake County, Wake County Manager, Wake County Sheriff Donnie Harrison and Wake County Detention Director Frank O. Gunter, defendants assert the failure of Woods to exhaust his administrative remedies.

The Prison Litigation Reform Act ("PLRA") states, "[n]o action shall be brought with respect to prison conditions [under section 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–86 (2006); see also Jones v. Bock, 549 U.S. 199, 216 (2007)

8

("[F]ailure to exhaust is an affirmative defense under [42 U.S.C. § 1997e] . . . ."); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211-212 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). A prisoner must exhaust his administrative remedies, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). Both Wake County Jail and the North Carolina Department of Correction have an administrative remedy procedure which governs the filing of grievances. See, e.g., Goulette v. Warren, No. 3:06CV235-1-MU, 2006 WL 1582386 (W.D.N.C. June 1, 2006) (unpublished).

There is an administrative remedy available to all inmates at the Wake County Jail to address grievances, regardless of inmate housing assignment, inmate classification, their disciplinary status, level of education, reading ability, or native language. (Mem. in Supp. of Mot. to Dismiss D.E. # 47, Aff. Alan Moore, ¶ 3). Each inmate committed to Wake County Jail is given a copy of the jail rules and regulations in the Wake County Detention Division Inmate Handbook. (Id., ¶ 4) The handbook provides information about grievance forms and inmate appeals. (Id., ¶ 5 and 6) The jail regularly provides these forms upon request. (Id. ¶ 6) The grievance procedure is well documented and no grievance exists regarding this suit. (Id., ¶ 7 -9) Filing suit before exhausting administrative remedies precludes this claim from review. See, e.g., Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004) ("To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until [administrative procedures] have run their course."); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003). Therefore, the claim is dismissed for failure to exhaust and the motion to dismiss is ALLOWED (D.E. # 46).

9

iii. Motion to Dismiss by County of Wilson, Wayne Gay, R.S. Johnson, Wilson County Manager (D.E. # 48 and 49)

Woods asserts that on June 25, 2007, while held at Wilson County Detention Center, jail staff moved plaintiff from Cell Block A to Cell Block B. Woods did not want to be moved. He asserts Cell block B has a history of "dangerous propensities and talked about harm to others." (D.E. # 2, p. 10, ¶¶ 2 - 4) After the move to Cell Block B, Woods states that an inmate assaulted him with a homemade knife. Woods contends this left him with cuts, a fractured eye socket, pain and permanent injuries to his vision and sense of smell. (Id., pp 10 - 11, ¶¶ 6 and 21). Woods called his wife, who in turn called the Wilson County Detention Center defendants and those defendants arrived at Cell Block B. Woods was taken to the jail nurse who had plaintiff shower, apply a towel to his cuts, provided ice to apply to his injuries, and gave Woods four Tylenol. Woods then asserts the jail staff sought permission from the United States Marshal before transporting him to the hospital. He was sent back to his cell block. Plaintiff asserts he was denied requests to go to the hospital. The next morning he was transferred from Wilson County Detention Center by the U.S. Marshals.

These claims appear to assert Eighth Amendment claims of 1) failure to protect, and 2) deliberate indifference to a serious medical condition.

To state a claim under 42 U.S.C. § 1983, Woods must allege: (1) that defendant deprived him of a right secured by the Constitution and laws of the United States; and (2) that defendant deprived him of this constitutional right under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory. Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

"[D]eliberate indifference entails something more than mere negligence, . . . [but] is

10

satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). "It requires that a prison official know of and disregard [an] objectively serious condition, medical need, or risk of harm." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). Thus, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). Disagreement with medical staff over the course of treatment is not sufficient to state an Eighth Amendment deliberate indifference claim. See, e.g., De'Lonta v. Angelone, 330 F.3d 630, 635 (4th Cir. 2003); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105–06 (1976) (noting that mere negligence in diagnosis or treatment is insufficient to state a valid Eighth Amendment claim and emphasizing that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner").

Nothing before the court suggests that plaintiff was denied medical care. In fact, Woods asserts that the guards took him to the nurse and she had him shower, applied ice, and gave him medication. His desire to go to the hospital is, at most, a dispute over the proper course of treatment.

As for the failure to protect claim, correctional officers are required to take reasonable precautions to protect the safety of inmates. Farmer, 511 U.S. at 832-33. Again, defendants must be deliberately indifferent to a risk of serious harm and the inmate must demonstrate he was subjected to conditions posing a risk of serious harm that defendants were aware of and disregarded. Id. at 834-37. Such is not the case here. By Woods own omission, he states he had

11

heard there was a general danger, but not specific to himself. Further, there is no indication that the guards were aware of a specific threat to plaintiff. Woods appeared to assert a more generalized concern for safety. Clearly the alleged injury is significant, however, there is no indication that the guards were aware of and subjected plaintiff to the risk with total disregard. At most this appear to be a claim for mere negligence or inadvertence which does not meet the standard for an Eighth Amendment violation. Id. at 835. In fact, Woods asserts that when the guards were notified of the injury, they immediately came to his cell and took him to the nurses station. Therefore, the Motion to Dismiss is ALLOWED (D.E. # 48).

    iv..    Motion to Dismiss by County of Wake, Wake County Manager (D.E. # 50 and 51)

There can be no liability on the part of Wake County or its manager without the showing of some policy or custom of the County that violates some clearly established Constitutional right of the Plaintiff. Monell v. Department of Social Services, 436 U.S. 658 (1978). The complaint is devoid of any allegations to that effect and the County of Wake and Wake County Manager are DISMISSED (D.E. # 50).

    v.    Motion to Dismiss by Cheryl Vanhorn (D.E. # 66 - 68)

Defendant Cheryl Van Horn, M.D. moved to dismiss this action against her on numerous grounds. While several grounds are appropriate for dismissal, the court dismisses the action against her on the basis of failure to exhaust.

In the complaint, Woods alleges, among other things, that he was denied adequate medical treatment while confined at the Bureau of Prisons Federal Correction Complex in Morganton, West Virginia (FCC Morganton). The sole allegations against Defendant Van Horn pertain to her treatment of Woods on July 11, 2008, January 16, 2009 and June 19, 2009 while he was incarcerated at FCI Morganton. (See Complaint, p. 17). Woods alleges that this defendant,

12

an optometrist, conducted eye exams on these dates. On one visit, it is alleged that defendant Van Horn ordered eye glasses and eye drops for him. Woods contends that defendant Van Horn noted several large floaters in Woods' eye and that there were reportedly treatment plans to remove the large floaters. However, Woods contends defendant Van Horn failed to recommend that plaintiff be seen by an ophthalmologist as the floater in his eye was just a discomfort. (See Complaint, p. 17).

As stated in the prior discussions above, the PLRA requires a prisoner to properly exhaust his administrative remedies before filing an action. Here, Woods failed to exhaust his administrative remedies.

The Federal Bureau of Prisons provides an administrative process to address prisoner complaints under 28 CFR §542.13-.15. An inmate normally must present his complaint informally to prison staff using a BP-8 form. If the informal complaint does not resolve the dispute, the inmate may make an administrative remedy request to the prison warden using a BP-9 form within 20 days. 28 CFR §542.14(a). If an adverse decision is rendered on the BP-9, the inmate may appeal to the regional director within twenty (20) days of the date of the response, using a BP-10 form. 28 CRF §542.15(a). The inmate may then appeal an adverse decision by the regional director to the central office of the Bureau of Prisons using a BP-11 form.

Plaintiff must exhaust his administrative remedies before filing suit. Trivett v. United States, No.5:08-CT-3103-D, 2010 U.S. Dist. LEXIS 63049 (E.D.N.C. 2010); Robinson v. Wellman, No.5:06-CT-3102-D, 2007 U.S. Dist. LEXIS 76614 (E.D. N.C.2007). A declaration was provided by a paralegal specialist with the BOP that while Woods had filed several administrative remedy requests, none pertained to an injury he allegedly sustained in May of 2007 as relates to Defendant Van Horn. "Filing suit before exhausting administrative remedies

13

dooms the action." Ford v. Johnson, 362 F.3d 395 (7th Cir. 2004). The motion to dismiss for failure to exhaust is ALLOWED (D.E. # 66)

 vi. Motion for Joinder (D.E. # 119 and 120)

The motions are allowed as discussed below and incorporating the prior legal discussion and determination.

 a. Wake County Jail Nurse "A" (defendant identified in D.E. # 106) is joined and dismissed from the action for Woods' failure to exhaust his administrative remedies discussed above in section B., ii., wherein the motion to dismiss for failure to exhaust was allowed (D.E. # 47). Therefore, the subsequent motion to dismiss (D.E. # 127) is MOOTED by this dismissal.

 b.. Deputies/Officers A-D and the Wilson County Jail Nurse (defendants identified in D.E. # 109) are joined and DISMISSED from the action as discussed above in section D wherein the motion to dismiss (D.E. #48) was allowed.

C. Conclusion

The holding of this court is summarized as follows:

1) D.E. # 34, Motion in Limine, is DENIED.

2) D.E. # 35, Motion for Preliminary Injunction, is DENIED.

3) D.E. # 36, Motion to Add Additional Defendants, is withdrawn as D.E. # 95 is ALLOWED.

4) D.E. # 42 and D.E. # 127, Motion to Dismiss Western Tidewater Regional Jail, Medical Director of Western Tidewater Regional Jail, Jeffrey Newton, and Nurse "A" is ALLOWED and defendants are DISMISSED without prejudice for failure to exhaust.

5) D.E. # 46, Motion to Dismiss Wake County, Wake County Manager, Wake

14

County Sheriff Donnie Harrison, and Wake County Detention Director Frank O. Gunter for failure to exhaust administrative remedies is ALLOWED and defendants are DISMISSED without prejudice.

6) D.E. # 48, Motion to Dismiss County of Wilson, Wayne Gay, R.S. Johnson, and Ellis Williford is ALLOWED and defendants are DISMISSED.

7) D.E. # 50, Motion to Dismiss County of Wake and Wake County Manger, is ALLOWED and defendants are DISMISSED.

8) D.E. # 62, Motion for Entry of Default is DENIED.

9) D.E. # 63, Motion to Strike is DENIED.

10) D.E. # 64, Motion to Substitute is DENIED.

11) D.E. # 65, Motion to Vacate is DENIED.

12) D.E. # 66, Motion to Dismiss Dr. Cheryl Van Horn is ALLOWED and defendant is DISMISSED without prejudice for failure to exhaust.

13) D.E. # 76, Motion to Reconsider is DENIED.

14) D.E. # 77, Motion for Limited Discovery is DENIED.

15) D.E. # 79, Motion for an Extension of Time is ALLOWED.

16) D.E. # 97, Motion for an Extension of time is ALLOWED.

17) D.E. # 119, Motion for Joinder is ALLOWED and Wake County Nurse A is DISMISSED for the suit for Failure to Exhaust, DISMISSAL is without prejudice.

18) D.E. # 120, Motion for Joinder is ALLOWED, Deputies/Officers A-D and the Wilson County Jail Nurse (defendants identified in D.E. # 109) are joined and DISMISSED from the action wherein the motion to dismiss (D.E. #48) was allowed.

15

19) D.E. # 121, Motion to Compel is DENIED.

20) D.E. # 122, Motion for Leave to Amend is DENIED.

21) D.E. # 124, Motion to DISMISS is ALLOWED as Nurse A is joined and dismissed in D.E. # 119.

22) D.E. # 127 is DENIED as MOOT.

SO ORDERED, this the ___ day of September 2011.

TERRENCE W. BOYLE
United States District Judge