IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3118-BO

| | |
|---|---|
| ISAAC LEE WOODS, )<br>Plaintiff, )<br> )<br>v. )<br> )<br>COUNTY OF WILSON, et al., )<br>Defendants. ) | **ORDER** |

Isaac Lee Woods ("plaintiff") filed this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The matter was transferred from the United States District Court for the Middle District of North Carolina (D.E. # 4). Plaintiff named at least 75 defendants, many of whom are not specifically identified, and he has made voluminous filings. On September 26, 2011, the court entered a detailed order granting motions to dismiss or alternatively for summary judgment for several named defendants and resolving 14 pending motions of Isaac Lee Woods (D.E. # 129 and 131). Now before the court is one pending motion filed by Isaac Lee Woods to alter or amend judgment (D.E. # 133). Several defendants have also filed a motion to dismiss (# 123). The matters are ripe for determination.

A.  Isaac Lee Woods' Motion

The court considers the motion to be one to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59. See Dove v. Codesco, 569 F.2d 807, 809 (4th Cir. 1978). Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to amend or alter a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes

v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). In the motion, Woods argues that has not presented any argument warranting reconsideration, and has cited no recent change in the controlling law, newly discovered evidence, or a clear error that merits an alteration or amendment to the judgment.

B. Motion to Dismiss by Defendants "A," "B," "D," and "E" of the Western Tidewater Regional Jail

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50.

To state a Bivens claim against these defendants, Woods must allege: (1) that defendant deprived him of a right secured by the Constitution and laws of the United States; and (2) that defendant deprived him of this constitutional right under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir.2009).

Here, Woods seeks relief under the Eighth Amendment. To show a violation of the Eighth Amendment, Woods "must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993) (quotation omitted). The first prong requires the court to determine whether the deprivation was objectively sufficiently serious, while the second prong requires the court to determine whether the officials acted with a subjectively sufficiently culpable state of mind. Id. (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). "[D]eliberate indifference entails something more than mere negligence, ... [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). "It requires that a prison official know of and disregard [an] objectively serious condition, medical need, or risk of harm." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir.1995). Thus, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; Iko v. Shreve, 535 F.3d 225, 241 (4th Cir.2008).

Government officials are entitled to qualified immunity from civil damages as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The Fourth Circuit has recognized a two-pronged qualified immunity inquiry. First, the court must "decide whether a

3

constitutional right would have been violated on the facts alleged." Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003). Second, assuming the right is violated, "courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right." Id. "The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearson v. Callahan, ___ U.S.___, 129 S. Ct. 808 (2009). A court has discretion to decide which step in the two-prong test to analyze first. Pearson, 129 S. Ct. at 821.

The claims against the officers at issue are for the alleged denial of medical care while transporting Woods from Wake County Jail to Western Tidewater Regional Jail. However, these defendants were officers, not medical staff. The injury had allegedly already occurred. The duty of the officers was to transport Woods from Wake County Jail to Western Regional Tidewater Jail. Woods does not suggest that the officers were instructed to administer any type of medical care in transit which was denied. There is no allegation that the conduct of the officers was anything but reasonable, i.e. carrying out the duty the officers were assigned to conduct which was the transport of Woods. The Motion to Dismiss by Defendants "A," "B," "D," and "E" of the Western Tidewater Regional Jail is ALLOWED and these defendants are DISMISSED.

Accordingly, the motion to alter or amend (D.E. # 133) is DENIED and the motion to dismiss (D.E. # 123) is ALLOWED.

SO ORDERED, this the 15 day of December 2011.

TERRENCE W. BOYLE
United States District Judge